Antwan GATHERS, Plaintiff–Appellant,

Ruby Gathers, Clarence Grimball, Plaintiffs,

v.

S. BURDICK; Deborah White, Parole Specialist; Hector Ruiz, Parole Officer; John Doe, Parole Officer, Defendants–Appellees,

Glen Goorde, NYS Parole Comm., et al., Defendant.[1]

No. 07–1564–cv.

United States Court of Appeals, Second Circuit.

Jan. 30, 2009.

Antwan Gathers, pro se, East Elmhurst, N.Y., for Plaintiff–Appellant.

Marion R. Buchbinder, Assistant Solicitor General (Barbara Underwood, Solicitor General, and Michael S. Belohlavek, Senior Counsel, Division of Appeals and Opinions, of counsel), for Andrew M. Cuomo, Attorney General of the State of New York, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

In 2004, Antwan Gathers, *pro se*, filed a 42 U.S.C. § 1983 complaint against Hector Ruiz, a parole officer; Roy Burdick, Ruiz's supervisor; and Deborah White, a parole specialist, alleging that they had violated his constitutional rights by searching his apartment and prosecuting him for parole violations. Defendants moved for summary judgment, which was granted by the U.S. District Court for the Eastern District of New York (Gleeson, *J.* ). The District Court found, *inter alia*, that summary judgment was appropriate on Gathers's Fourth Amendment claim because the search was reasonably related to Ruiz's performance of his duties as a parole officer, and that Gathers's claims regarding false arrest and malicious prosecution required Gathers to prove that there was no probable cause for his arrest, which he could not do.

Having thoroughly reviewed the record and all of Gathers's claims, we find those claims to be meritless for substantially the reasons stated by the District Court. Accordingly, we AFFIRM its decision.

---

1. We direct the Clerk of Court to amend the official caption as noted.